[No. 5944.]

## MILBURN v. HAWORTH.

1. **Appeals—Findings of Fact Conclusive**—The findings of the court below in a cause heard in open court without a jury are, if based upon competent evidence, controlling upon appeal. —(594)

2. **Fraud — Vacating Transaction** — A transfer of corporate stock obtained by a trick will be vacated, upon application of the injured party.—(595)

If nothing was paid for such transfer, and everything in fact received by the plaintiff was received upon other and different considerations, nothing need be returned or offered.—(595)

3. **Evidence — Privilege — Confessions to Priest or Clergyman**—Statements made to a clergyman, not in his professional character, nor in the course of any clerical discipline enjoined by the church, but voluntarily, as if made to any other gentleman, are not privileged under Rev. Stats., sec. 7274, par. 3.—(595)

*Appeal from Larimer District Court* — Hon. JAMES E. GARRIGUES, Judge.

Mr. H. M. MINOR, for appellant.

Mr. FRANK J. ANNIS, and Mr. FRED W. STOW, for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This is an action to cancel the assignment of a share of ditch stock alleged to have been fraudulently obtained by the defendant from the plaintiff.

In giving his reasons for the judgment in this case, the trial judge, after saying he had taken extra pains to watch the plaintiff and defendant, upon the witness stand, and commenting on the difference in character apparent from an observation of the parties, said: "When we come to take into consideration the whole history of the case, and look at the

(38)

motives and impulses that inspired these men to act, what they intended to accomplish, we find on the part of one, well laid design; and upon the part of the other, lack of design and simplicity. You find one willing to deceive, willing to practice deception for the purpose of accomplishing his own aggrandizement.''

And after further commenting on the evidence as showing design, cunning and a disposition on the part of the defendant, Milburn, to overreach this plaintiff, the trial judge further said: ''I find, as a matter of fact, that Mr. Haworth was overreached by Mr. Milburn in this transaction and in the procuring of the bill of sale and of the quit-claim deed. I further find that Mr. Haworth did not know at the time he met the defendant and signed these papers that he was signing away what purported to be his rights to the ditch stock, and that he was deceived thereby by the misrepresentations, conduct and manner of Mr. Milburn.  *   *   *  I am going to hold that this transfer of stock was obtained fraudulently; that Haworth was overreached and that the subsequent transfers were fraudulent.''

In the face of such findings by the trial court, supported by competent evidence and found in the light of a personal observation of the witnesses themselves, this court is bound to say that the bill of sale and deed of the ditch stock were obtained from the plaintiff by the fraud of defendant. Hence the authorities cited, showing when written instruments will not be set aside in the absence of fraud or showing that fraud was not present, are not applicable here.

The plaintiff did not receive or accept any consideration for the transfer of the ditch stock. He did not know he was transferring it. The transfer

of it was never mentioned in the conversations between plaintiff and defendant. The defendant, by artifice and fraud, concealed the fact of its transfer from the plaintiff. If plaintiff accepted any consideration, it was for things entirely other and different from the ditch stock. Having accepted nothing for the ditch stock, there was nothing for the plaintiff to return or offer to return. The defendant made certain statements in the presence of four members of his church, including the minister, whom he had assembled of his own motion. It is claimed that these statements were privileged and ought not to have been admitted in evidence. Such communications to be privileged must fall within the third subdivision of sec. 7274, Rev. Stats. 1908, which provides that: "A clergyman or priest, shall not, without the consent of the person making the confession, be examined as to any confession made to him in his professional character in the course of discipline enjoined by the church to which he belongs." The statements made by the defendant to his fellow-churchmen, including the minister, were not made to the minister in his professional character in the course of discipline enjoined by the particular church. It does not appear that the proceeding was at all connected with the discipline of the church. On the contrary, it appears that the gathering was of defendant's own invention. The statements were made in the same manner that they would have been made to any other four gentlemen whom the defendant might call together.

There is no error in this record prejudicial to the defendant. The judgment is right and is, therefore, affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.