The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Tommy L. POLICE, Defendant-Appellant.

No. 81CA0392.

Colorado Court of Appeals, Div. II.

May 6, 1982.

Rehearing Denied June 10, 1982.

Certiorari Denied Sept. 13, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Larry Steven Pozner, P. C., Larry Steven Pozner, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant was convicted of the offense of reckless manslaughter under § 18–3–104(1)(a), C.R.S.1973 (1978 Repl. Vol. 8). His sole allegation of error on appeal is that statements that he made to the father of his victim while in jail should have been excluded from testimony on the ground of the statutory clergyman-penitent privilege. We affirm.

Evidence, other than that contained in the contested confession, established that defendant shot and killed the victim during an argument over money. Defendant was arrested and confined in the county jail.

The witness whose testimony is in controversy here, Reverend Ephriam, was a minister of the Progressive Church of God and Christ. He was also the father of the victim. Upon learning of his son's death, and while still wearing his clerical garb, he proceeded to the jail, introduced himself to the jailer as the father of the victim, and asked that he be allowed to speak to the man who had killed his son.

From previous acquaintance in his childhood years, defendant knew that the person to whom he was speaking was the father of the victim. When he saw the witness he said, "Hello, Mr. Ephriam. How are you doing?" The witness replied that he was not doing well because his son was dead. Defendant then revealed the details of what had happened during the altercation, and these details were included in the witness' testimony.

Defendant was not a member of Reverend Ephriam's church, and had not seen the Reverend for many years, nor had he ever sought counsel from him. During the visit, defendant requested no spiritual advice and was offered none. Nothing in the entire conversation indicated that defendant expected any confidentiality or that he was seeking the confidence of the witness.

The statute under which defendant now claims privilege is § 13–90–107(1)(c), C.R.S. 1973, which states:

"A clergyman or priest shall not be examined without the consent of the person making the confession as to any confession made to him in his professional character in the course of discipline enjoined by the church to which he belongs."

Here, the facts established that the confessor was not dealing with a clergyman in the minister's professional character. Nothing in the record indicates that Reverend Ephriam was the defendant's spiritual advisor. *See Mitsunaga v. People,* 54 Colo. 102, 129 P. 241 (1913). Neither were any statements made to the clergyman as a minister in his professional character in the course of discipline enjoined by this particular church. *See Milburn v. Haworth,* 47 Colo. 593, 108 P. 155 (1910). Therefore, the testimony was properly admitted and there was no error.

The judgment is affirmed.

BERMAN and STERNBERG, JJ., concur.